CLAY, Circuit Judge,
dissenting.
The Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq., was designed to provide “ready access to the Federal courts” so as “to protect ... the interests of participants in employee benefit plans and their beneficiaries.” § 1001(b). In enacting ERISA, Congress expressly sought to eliminate “jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities.” H.R. REP. NO. 93-553, at 17 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4655. Consistent with the congressional goal of removing jurisdictional barriers that would prevent plan participants and their beneficiaries from asserting their statutory rights, ERISA § 502(e)(2) provides broad jurisdiction for benefit claims:
Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.
29 U.S.C. § 1132(e)(2). The preclusive venue selection clause that the AEGON Companies Pension Plan (“the Plan”) unilaterally added in 2007 is inconsistent with the purpose, policy, and text of ERISA, and contravenes the “strong public policy” declared by ERISA; therefore, the clause should be deemed unenforceable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Because the United States District Court for the Western District of Kentucky is a proper venue for Plaintiffs ERISA pension benefits claims pursuant to § 502(e), 29 U.S.C. § 1132(e), and because the venue selection clause should be deemed unenforceable, I respectfully dissent.
The venue selection clause that the Plan seeks to enforce forbids Plaintiff from bringing a suit for benefits anywhere other than Cedar Rapids, Iowa — a venue that is located more than 500 miles away from Plaintiffs home and place of work, and with which Plaintiff has no connection. Such a restrictive clause not only conflicts with the broad venue provision set forth in § 502(e) of ERISA, but also undermines the very purpose of ERISA and contravenes the strong public policy evinced by the statute. Section 502(e), which provides broad jurisdiction for benefit claims, is “intended to grant an affirmative right” to ERISA participants and beneficiaries. Coleman v. Supervalu, Inc. Short Term Disability Program, 920 F.Supp.2d 901, *935 906 (N.D.Ill.2013) (holding that a forum selection clause in an ERISA plan was unreasonable as contrary to public policy and unenforceable). This right is indispensable for many of those individuals whose rights ERISA seeks to protect, since claimants in suits for plan benefits— retirees on a limited budget, sick or disabled workers, widows and other dependents — are often the most vulnerable individuals in our society, and are the least likely to have the financial or other wherewithal to litigate in a distant venue. See French v. Dade Behring Life Ins. Plan, No. 09-394-C-M2, 2010 WL 2360457, at *3 (M.D.La. Mar. 23, 2010). A venue selection clause that purports to eliminate proper statutory venues conflicts with ERISA’s venue provision as well as the strong statutory public policy against imposing obstacles to beneficiaries in pursuit of benefit claims.
ERISA’s policies and provisions supersede the general judicial policy of enforcing “contractual choice-of-forum” clauses, which the Supreme Court has cautioned “should be held unenforceable if enforcement would contravene a strong public policy,” including a policy “declared by statute.” Bremen, 407 U.S. at 15, 92 S.Ct. 1907. The statutory text and legislative history of ERISA clearly demonstrate that Congress desires open access to several venues for beneficiaries seeking to enforce their rights. See, e.g., 29 U.S.C. § 1001(b) (declaring that it is the policy of ERISA “to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing for ... ready access to the Federal courts.”); H.R. Rep. NO. 93-553, at 17 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4655 (explaining that Congress intended ERISA’s enforcement provisions “to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities.”). As the district court recognized in Coleman, “an employer’s unilateral restriction of that access would undermine Congress’ stated desire.” Coleman, 920 F.Supp.2d at 908. This is especially true where, as here, the restrictive venue selection clause was unilaterally added to the Plan seven years after Plaintiff agreed to its terms. These circumstances compel the conclusion that the venue selection clause is unreasonable, inasmuch as it contravenes the strong and clearly stated public policies of ERISA.
The majority relies upon a decision from this Court enforcing an arbitration agreement in the context of an ERISA benefit claim, and reasons that it is “illogical” to conclude that a plan may mandate arbitration, but may not restrict venue to a specific geographic location. Majority Op. at 932. In so concluding, the majority overlooks the important distinctions between the arbitration agreement at issue in Simon v. Pfizer Inc., 398 F.3d 765 (6th Cir.2005), and the venue selection clause at issue in the present case. We enforce arbitration agreements with regard to federal statutory claims not based on some general policy favoring forum selection clauses, but because that is what the Federal Arbitration Act, 9 U.S.C. §§ 2, 3, requires. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (holding that an arbitration clause was enforceable under the Federal Arbitration Act with respect to a claim under the Securities Exchange Act of 1934). Though the majority opinion states otherwise, see Majority Op. at 932, this Court has never held that an arbitration clause may prescribe the geographic location of the proceedings as well as the forum. The majority’s conclusion that an arbitration clause may prescribe the geographic location of the proceedings does not appear in, or naturally *936 flow from, our opinion in Simon, and does not appear elsewhere in our case law. Arbitration provides an alternative decision-maker, but does not necessarily require a claimant to travel to a distant venue to pursue a claim for benefits. The distinction between arbitration provisions and venue selection clauses is not, in the words of the majority, “illogical;” upon closer inspection, such a distinction can be rather easily reconciled.
Requiring Plaintiff to litigate in a distant venue imposes a substantial increase in expense and inconvenience that obstructs his access to federal courts. Because the express purpose and policy of ERISA is to provide unobstructed access to a forum in which participants and beneficiaries can pursue their claims for benefits, the unilaterally added venue selection clause at issue in this case should be deemed unenforceable, and the Plan’s motion to dismiss for improper venue should be denied.
I therefore respectfully dissent.